FRANKFURT KURNIT KLEIN & SELZ, P.C.
Edward H. Rosenthal
Anna Kadyshevich
488 Madison Avenue, 10th Floor
New York, New York 10022
Phone:  (212) 980-0120
Fax:  (212) 593-9175

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

--------------------------------------------------------------- X

Long Island Minimally Invasive Surgery, P.C.,          :
                                                       :
                        Plaintiff,                      :
                                                       :          **COMPLAINT**
          -against-                                     :
                                                       :          **15 Civ. _____ (      )**
New York Bariatrics & Laproscopy, P.C. and Dr. Rajeev  :
Vohra,                                                  :
                                                       :
                        Defendants.                     :

--------------------------------------------------------------- X

Plaintiff Long Island Minimally Invasive Surgery, P.C., operator of The New York

Bariatric Group Center for Minimally Invasive Weight Loss Surgery ("New York Bariatric"), by

its undersigned attorneys, submits this Complaint against defendants New York Bariatrics &

Laproscopy [sic], P.C. ("NYBL") and Dr. Rajeev Vohra ("Dr. Vohra") (together, "Defendants").

## NATURE OF THE ACTION

1.      This is an action for trademark infringement, cybersquatting, unfair competition

and other related claims.  Defendants NYBL and Dr. Vohra, without authorization, willfully

have adopted and publicized their weight loss surgery, weight-loss management and related

services under the name "New York Bariatrics and Laparoscopy" (the "Infringing Mark") and on

a website reachable through the domain www.newyorkbariatrics.com (the "Infringing Domain

Name").  Defendants' uses of the Infringing Mark violate Plaintiff's rights in the mark NEW

YORK BARIATRIC GROUP, a federally-registered trademark owned by Plaintiff (the "New York Bariatric Mark").

## THE PARTIES

2.      Plaintiff New York Bariatric is a professional corporation organized under the laws of New York that maintains its principal place of business at 125 Mineola Avenue, Ste. 200, Roslyn Heights, New York 11577.

3.      Upon information and belief, defendant NYBL is a medical practice operating in Nassau County, Suffolk County, and a variety of other locations in the tri-state metropolitan area.

4.      Upon information and belief, defendant Dr. Vohra is the owner and/or principal of NYBL, and is a resident of Long Island, New York.

## JURISDICTION AND VENUE

5.      This Court has original jurisdiction over this action pursuant to 15 U.S.C. § 1121. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, as questions of federal law have been presented under the Trademark Act of 1946, 15 U.S.C. §§ 1041, *et seq.* This Court has supplemental jurisdiction over New York Bariatric's state law claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants reside and/or regularly conduct business in this District, and/or because a substantial part of the claims arose in this District.

## FACTS

### NEW YORK BARIATRIC GROUP: THE BUSINESS AND THE BRAND

7.      New York Bariatric is a leading provider in the New York metropolitan area of a variety of surgical procedures performed on the stomach or intestines to induce weight loss.

8.      New York Bariatric owns and operates websites accessible via the domain www.nybariatric.com and the domain www.newyorkbariatric.com (the "Plaintiff's Domain Names"). www.nybariatric.com was first registered on June 13, 2001 and www.newyorkbariatric.com was registered at least as early as July 2003.

9.      New York Bariatric was founded in July 2001 by its current director, Dr. Shawn M. Garber, MD, FACS, FASMBS. It has been marketing and promoting its high quality medical services under the New York Bariatric Mark since at least June 13, 2001, and through Plaintiff's Domain Names since at least June 13, 2001.

10.      New York Bariatric has offices located in Manhattan, Nassau County, Suffolk County and Westchester County, New York.

11.      Dr. Garber completed his general surgery training at Long Island Jewish Medical Center and went on to complete one of the first advanced laparoscopic surgery fellowships in the country at the George Washington University Medical Center.

12.      In addition to Dr. Garber, New York Bariatric is comprised of six of the country's top bariatric surgeons, working together to provide innovative, safe and successful bariatric surgery to their patients.

13.      Dr. Garber, Dr. Spencer Holover, MD, FACS and New York Bariatric have been awarded the designation of "Center of Excellence" (COE) by the American Society of Metabolic and Bariatric Surgery. This certification was initiated by the Surgical Review Corporation and

3

the American Society for Metabolic and Bariatric Surgery ("ASMBS") to better insure quality in bariatric surgery. The COE designation by this surgical review corporation is based on the program's components, outcomes and statistics. More recently, New York Bariatric was awarded the designation of a fully accredited Metabolic and Bariatric Surgery Accreditation and Quality Improvement Program by the ASMBS and the American College of Surgeons.

14.     New York Bariatric offers an array of bariatric surgery options, including lap-band surgery, gastric sleeve surgery and gastric bypass surgery. With a variety of different types of bariatric surgeries, innovative new solutions and ongoing bariatric surgery care, New York Bariatric has a proven track record of successfully getting patients on the path to improved health.

15.     New York Bariatric also offers pre-surgery informational weight loss seminars (online and at various New York Bariatric locations), as well as after-surgery care and support programs, including counseling and dietary assistance. These services are promoted using the New York Bariatric Mark.

16.     New York Bariatric started to offer its seminars in January 2001.

17.     The informational seminars are advertised to the public to encourage patients that are interested in bariatric surgery to learn about the New York Bariatric practice and about the different surgical options available to them.

18.     New York Bariatric maintains an online Bariatric Surgery Diet Store at the website http://bariatric.stopobesityforlife.com/store. There, New York Bariatric offers for sale pre and post-bariatric surgery foods and supplements under the New York Bariatric Mark.

19.     New York Bariatric owns and operates a mobile app for use by patients and prospective patients to allow them to manage the process of deciding whether to undergo

surgery, as well as help them prepare for and recover from surgery.  This app also includes a section that allows patients and prospective patients to sign up for, view and confirm or cancel their attendance of the seminars offered by New York Bariatric.

20.     New York Bariatric is the owner of United States Trademark Registration 4,370,938 for the NEW YORK BARIATRIC GROUP trademark for "medical services, namely, obesity surgery services; providing information in the field of surgical weight loss; providing information on maintaining a healthy lifestyle and losing weight; providing weight loss program services; weight reduction diet planning and supervision" in International Class 44, based on its use of that trademark in United States commerce since at least as early as May 2003.

21.     New York Bariatric also is the owner of United States Trademark Registration 4,370,937 for the NEW YORK BARIATRIC GROUP trademark for "vitamins, protein supplement shakes, dietary supplement drink mixes; nutrition supplement in the nature of nutrient dense protein based drinks; nutritional and dietary supplements formed and packaged as bars and cookies" in Class 5, based on its use of that trademark in United States commerce since at least as early as May 2003.

22.     Over the past twelve years, New York Bariatric has invested millions of dollars in the advertising and promotion of its New York Bariatric Mark.  On average, New York Bariatric spends more than $1,000,000 on advertising and marketing each year.  New York Bariatric promotes itself using a variety of advertising channels, including print, television, radio and web, and its advertisements have featured a nationally-syndicated, well-known radio personality, Mo Bounce, as a spokesperson.

23.     Dr. Garber has appeared on numerous national television programs, such as Good Morning America, ABC News and NBC News, to discuss bariatric surgery and promote New

York Bariatric using the New York Bariatric Mark.  He has been featured on many talk shows discussing obesity surgery and New York Bariatric under the New York Bariatric Mark, including *The Dr. Oz Show* and *Montel Williams*.

24.     New York Bariatric's marketing professionals also target referral doctors directly. Those marketing professionals meet with other doctors in the profession to promote New York Bariatric using the New York Bariatric Mark.  Examples of marketing materials provided to referral doctors are attached hereto as Exhibit A.

25.     As a result of New York Bariatric's significant promotional efforts, the public has come to associate the New York Bariatric Mark with medical services and dietary supplements emanating exclusively from New York Bariatric.

26.     By virtue of more than eleven (11) years of continuous and substantially exclusive use, as well as New York Bariatric's promotional efforts, the New York Bariatric Mark has come to symbolize extensive and valuable goodwill that belongs exclusively to New York Bariatric.

**DEFENDANTS' INFRINGING CONDUCT**

27.     Defendant NYBL is a medical practice operating in Nassau County, Suffolk County and a variety of other locations in the tri-state metropolitan area.

28.     Upon information and belief, NYBL is owned and operated by Defendant Dr. Vohra.

29.     Upon information and belief, Dr. Vohra is a surgeon who leads the NYBL practice.

30.     Upon information and belief, NYBL offers weight loss surgery, including lap-band surgery, sleeve gastrectomy and gastric bypass surgery, as well as long-term patient weight management.  Defendants use the Infringing Mark to offer the aforementioned services.

6

31.     Upon information and belief, Defendants knew of Plaintiff's existing trademark rights in and to the New York Bariatric Mark before they began making unauthorized and infringing use of that mark in the United States.

32.     Upon information and belief, Dr. Vohra and/or NYBL own and operate the Infringing Domain Name.

33.     Upon information and belief, defendant Dr. Vohra is the registrant of the Infringing Domain Name.

34.     Upon information and belief, Defendants registered and are using the Infringing Domain Name in bad faith and with intent to profit from the goodwill associated with the New York Bariatric Mark.

35.     On information and belief, Defendants registered and are using the Infringing Domain Name in connection with the website for its competing business for the purpose of diverting customers away from Plaintiff and trading on the goodwill associated with Plaintiff's New York Bariatric Mark.

36.     Upon information and belief, Defendants began using the business name "New York Bariatrics and Laproscopy [sic]" (the Infringing Mark) and the Infringing Domain Name www.newyorkbariatrics.com after New York Bariatric started using the New York Bariatric Mark and Plaintiff's Domain Names, and with full knowledge of Plaintiff's use of the New York Bariatric Mark and Plaintiff's Domain Names.

37.     Upon information and belief, NYBL and Dr. Vohra spend little on advertising and promotion, instead using their confusingly similar Infringing Mark and the nearly identical Infringing Domain Name to trade on the goodwill associated with the New York Bariatric Mark.

7

38.     Upon information and belief, Defendants recently began to offer seminars where patients and potential patients can learn about the benefits and risks of bariatric surgery, the types of bariatric surgeries, and the qualifications to be eligible for such weight-loss surgeries.

39.     Upon information and belief, NYBL requires its patients complete a seminar to receive a certificate before NYBL will perform any surgical procedure on the patient.

40.     Upon information and belief, Defendants use the Infringing Mark to offer these seminars.

41.     Upon information and belief, Defendants started offering their weight-loss seminars after Plaintiff began offering its weight-loss seminars and with full knowledge of Plaintiff's weight-loss seminars.

42.     As a result of Defendants' sale, and offer of sale, of highly specialized bariatric surgery services and seminars to the same community of patients under a mark nearly identical to Plaintiff's New York Bariatric Mark, and their use of the on the near-identical Infringing Domain Name, patients and potential patients are highly likely to be confused as to the source of the services offered by Defendants and by Plaintiff.

43.     Indeed, in the past several years, there have been multiple instances of actual confusion among patients and referring physicians as to the source of the services offered by NYBL and the services offered by New York Bariatric.

44.     For example, recently a New York Bariatric patient informed her doctor that she had originally gone to NYBL's practice, mistakenly thinking she was visiting New York Bariatric.  The confusion was a result of Defendants' use of its Infringing Mark and Infringing Domain Name.

8

45.     There is also significant confusion among potential patients who attend New York Bariatric's seminars.  Recently, a potential patient demanded a certificate of completion for attending Plaintiff's in-person seminar.  This potential patient stated that she thought that the certificate was required to move forward in the process of getting weight-loss surgery.  After the potential patient was informed that New York Bariatric was a different practice from the NYBL practice, and that New York Bariatric did not require a certificate, the potential patient became irate in front of other patients.  Upon information and belief, the patient's confusion stemmed from the similarity between the New York Bariatric Mark on the one hand, and Defendants' confusingly similar Infringing Mark on the other hand.

46.     Moreover, as a result of Defendants' use of the Infringing Mark and Infringing Domain Name, referring doctors have recently informed New York Bariatric that they have been mistakenly assuming that marketing materials that Defendants circulated to them were New York Bariatric marketing materials.

47.     This confusion has significantly harmed New York Bariatric, has angered and frustrated patients and potential patients, and has led to the loss of business by Plaintiff.

48.     Given that medical services, which involve surgery and anesthesia, are of a unique and personal nature, the risks associated with confusion are particularly great.

49.     Defendants' Infringing Mark is confusingly similar to the New York Bariatric Mark.  Defendants' use of the Infringing Mark and Infringing Domain Name in connection with bariatric surgery and related services threatens to cause, and has already caused, consumer confusion and mistake, and deceives consumers as to the existence of an affiliation, connection, or association under 15 U.S.C. §§ 1114(1)(a), 1125(a), 1125(d) and state unfair competition laws.

9

## COUNT I

### Infringement of a Federally Registered Trademark (15 U.S.C. § 1114(1)(a))

50.     New York Bariatric repeats and realleges the allegations of Paragraphs 1 through 49 of this Complaint as if fully set forth herein.

51.     New York Bariatric owns valid and protectable federally registered trademarks for NEW YORK BARIATRIC GROUP, Trademark Registration Nos. 4370937 and 4370938.

52.     Defendants are using in commerce an Infringing Mark that is confusingly similar in sound, appearance and meaning to New York Bariatric's federally registered New York Bariatric Mark.

53.     The services offered by Defendants are competitive with the services offered by New York Bariatric under its New York Bariatric Mark.

54.     Defendants' actions as alleged herein are likely to cause confusion or mistake or deceive as to the origin, sponsorship, or approval of Defendants' services, and thus infringe Plaintiff's rights in its federally registered New York Bariatric trademarks in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

55.     Upon information and belief, Defendants' acts as alleged herein have been committed with full knowledge of Plaintiff's prior rights in the New York Bariatric Mark. Defendants' infringement is therefore willful.

56.     Plaintiff has no adequate remedy at law inasmuch as money damages alone would not adequately compensate Plaintiff for the harm done to its property rights, goodwill and business reputation.

## COUNT II

### Trademark Infringement, False Designation of Origin and
### Unfair Competition (15 U.S.C. § 1125(a))

57.     New York Bariatric repeats and realleges the allegations of Paragraphs 1 through 56 of this Complaint as if fully set forth herein.

58.     New York Bariatric has federally registered trademark rights in the New York Bariatric Mark.

59.     Defendants' actions as alleged herein are likely cause confusion or reverse confusion, mistake, as to the origin, sponsorship or approval of the services provided by each party, and as to the affiliation, connection or association between Defendants' and Plaintiff's services, thus constituting trademark infringement, false designation of origin and unfair competition with respect to the New York Bariatric Mark in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

60.     As a direct and proximate result of Defendants' intentional acts as alleged herein, Plaintiff has been injured and will continue to be injured, in amount presently unknown and to be determined at the time of trial.

61.     Upon information and belief, Defendants' acts as alleged herein have been committed with full knowledge of Plaintiff's prior rights in the New York Bariatric Mark. Defendants' infringement is therefore willful.

62.     Plaintiff has no adequate remedy at law inasmuch as money damages alone would not adequately compensate Plaintiff for the harm done to its property rights, goodwill and business reputation.

## COUNT III

### Cybersquatting Under the Anti-Cybersquatting
### Consumer Protection Act (15 U.S.C. § 1125(d))

63.    Plaintiff repeats and realleges all of the allegations of Paragraphs 1 through 62 of this Complaint as if fully set forth herein.

64.    Defendants are liable to Plaintiff for cybersquatting in violation of Section 43(d)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(d)(1)(A).

65.    Plaintiff has no adequate remedy at law inasmuch as money damages alone would not adequately compensate Plaintiff for the harm done to its property rights, goodwill and business reputation.

## COUNT IV

### Common Law Unfair Competition, Trademark Infringement and
### Misappropriation of Intellectual Property Rights

66.    New York Bariatric repeats and realleges the allegations of Paragraphs 1 through 65 of this Complaint as if fully set forth herein.

67.    The acts of Defendants complained of herein constitute common law unfair competition, common law trademark infringement and misappropriation of Plaintiff's intellectual property rights, and have caused and will continue to cause damage and irreparable injury to Plaintiff.

68.    Upon information and belief, the acts of Defendants complained of herein have been committed intentionally, willfully, deliberately, in reckless disregard of Plaintiff's legal rights and/or with the malicious intent of injuring Plaintiff.

69.     Plaintiff has no adequate remedy at law inasmuch as money damages alone would not adequately compensate Plaintiff for the harm done to its property rights, goodwill and business reputation.

## COUNT V

### Deceptive Trade Practices Under § 349 of New York General Business Law

70.     New York Bariatric repeats and realleges the allegations of Paragraphs 1 through 69 of this Complaint as if fully set forth herein.

71.     The above-described acts constitute deceptive trade and business practices under § 349 of New York Gen. Bus. Law.

72.     NYBL's use of the Infringing Mark and the Infringing Domain is materially misleading to consumers and the public, and has caused and will continue to cause confusion, mistake, as to the origin, sponsorship or approval of the services provided by each party, and as to the affiliation, connection or association between Defendants' and Plaintiff's services.

73.     Upon information and belief, Defendants' acts as alleged herein have been committed with full knowledge of Plaintiff's prior rights in the New York Bariatric Mark. Defendants' infringement is therefore willful.

74.     Plaintiff has no adequate remedy at law inasmuch as money damages alone would not adequately compensate Plaintiff for the harm done to its property rights, goodwill and business reputation.

## COUNT VI

### Injury to Business Reputation and Dilution under § 360-l of New York General Business Law

75.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 74 of this Complaint as if fully set forth herein.

13

76.     By reason of the practices and acts set forth above, Defendants have injured Plaintiff's reputation and diluted the distinctive qualities of the New York Bariatric Mark, and are likely to continue to do so.

77.     The actions of Defendants are without permission, license or consent of Plaintiff, and unless enjoined by this Court, Defendants will continue these practices and acts, thereby further harming Plaintiff's business reputation and causing Plaintiff further irreparable injury.

78.     Plaintiff has no adequate remedy at law inasmuch as money damages alone would not adequate compensate Plaintiff for the harm done to its property rights, goodwill and business reputation.

## PRAYER FOR RELIEF

WHEREFORE, by the undersigned attorneys, Plaintiff prays that this Court:

A.     Issue a preliminary and permanent injunction, restraining Defendants and all those acting for, on behalf of, in active concert or participation with Defendants from:  (i) using on or in connection with the sale of goods and services related to weigh-loss surgery any name beginning with the words "New York Bariatric" or "New York Bariatrics" or any confusingly similarly name; and (ii) using the Infringing Domain Name www.newyorkbariatrics.com;

B.     Direct Defendants to relinquish and transfer to New York Bariatric the registration for the Infringing Domain Name "newyorkbariatrics.com;"

C.     Direct Defendants to take affirmative steps to dispel the false impressions that have been heretofore created by the use of marks and domain names confusingly similar to the New York Bariatric Mark and Plaintiff's Domain Names;

D.     Enter a judgment in favor of Plaintiff and against Defendants, and order Defendants to pay to Plaintiff:

     i.      all profits, gains and advantages derived by Defendants as a result of their acts complained of herein, together with interest; and in view of the willful and deliberate nature of Defendants' acts, that such amount be trebled;

    ii.      the actual damages sustained by Plaintiff as a result of Defendants' acts complained of herein, together with interest; and in view of the willful and deliberate nature of Defendants' acts, that such amount be trebled;

   iii.      reasonable attorneys' fees, costs and disbursements incurred by Plaintiff in this action, pursuant to 15 U.S.C. § 1117; and

E.      Enter such other and further relief as the Court deems just and proper.

Dated: New York, New York
       May 5, 2015

FRANKFURT KURNIT KLEIN & SELZ, P.C.

By:   /s/ Edward H. Rosenthal
       Edward H. Rosenthal, Esq.
       Anna Kadyshevich, Esq.
       488 Madison Avenue
       New York, New York  10022
       Tel.:  (212) 980-0120
       Fax:  (212) 593-9175
       erosenthal@fkks.com
       akadyshevich@fkks.com

       *Attorneys for Plaintiff*